UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN H. SHEPPARD,**
o/b/o himself and all other similarly situated,

    **Plaintiffs,**

vs.                                                Case No. 8:11-cv-02043-T-27TGW

**HILLSBOROUGH COUNTY**
**SHERIFF'S OFFICE,**

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** are Notices filed by lead Plaintiff John H. Sheppard and eighteen opt-in Plaintiffs[1] reflecting their acceptance of Defendant's Rule 68 offers of judgment (Dkts. 134-151), Defendant's Motion to Decertify Collective Action (Dkt. 95), and Defendant's Motion for Partial Summary Judgment (Dkt. 113). Upon consideration, the Clerk is directed to ENTER judgment in favor of each Plaintiff who filed a notice accepting Defendant's offer of judgment and against Defendant in the amount indicated on the notice. The motion to decertify (Dkt. 95) is GRANTED, and the motion for partial summary judgment (Dkt. 113) is DENIED *as moot*.

### *Rule 68 Offers of Judgment*

Federal Rule of Civil Procedure 68 allows a party defending a claim to serve on an opposing party an offer to allow judgment "on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). "If, within 14 days after being served, the opposing party serves written notice accepting the

---

[1] Opt-in Plaintiffs Buie (Dkt. 142), Campbell (Dkt. 134), Diaz (Dkt. 148), Dyrkcaz (Dkt. 144), Elgin (Dkt. 145), Garvey (Dkt. 150), Greer (Dkt. 140), Herbert (Dkt. 151), Hunter (Dkt. 149), Lent (Dkt. 138), Moore (Dkt. 135), Torres-Nickerson (Dkt. 137), Rivera (Dkt. 147), Roberson (Dkt. 146), Tolbert (Dkt. 139), Washington (Dkt. 141), and White (Dkt. 136) filed notices accepting Defendant's offers of judgment.

offer, either party may then file the offer and notice of acceptance, plus proof of service. The Clerk must then enter judgment." *Id.*

Lead Plaintiff John H. Sheppard and eighteen opt-in Plaintiffs have timely served written notices accepting Defendant's offers of judgment, and filed the offers and acceptances (Dkts. 134-151).[2] Service is evident by the filing of the notices on the electronic docket. *See* Fed. R. Civ. P. 5(b)(E) ("A paper is served under this rule by . . . sending it by electronic means if the person consented in writing . . . ."); ECF Attorney Registration Form, http://www.flmd.uscourts.gov/CMECF/register.cfm ("By signing this registration form, **the undersigned consents to receive notice electronically** . . . ."); *BCJJ, LLC v. LeFevre*, No. 8:09-CV-551-T-17EAJ, 2012 WL 3262866, at *1 (M.D. Fla. Aug. 8, 2012) ("ECF Attorney Registration Form in this district provides a partial consent to electronic service."). *See also Smith v. Psychiatric Solutions, Inc.*, 864 F. Supp. 2d 1241, 1275-76 (N.D. Fla. 2012) ("[B]y registering for electronic case filing Peters consented to receive notice electronically and waived the right to receive notice by personal service or first class mail.").

The Clerk must therefore enter judgment on behalf of each accepting Plaintiff, individually, and against Defendant, pursuant to Rule 68.

### *Motion to Decertify Class*

On a motion to certify a collective action under the Fair Labor Standards Act, the lead

---

[2]Each offer states that it "does not include the issue of Plaintiff's attorney's fees and costs. The Court will decide the reasonableness of any attorney's fees and costs." *See, e.g.*, Dkt. 134 ¶ 2. Generally, an offer excluding costs is improper under Rule 68. The provision in Defendant's offers, however, does not exclude the possibility of awarding costs as a result of the judgment. It merely leaves determination of the amount to the Court. The offers are therefore proper under Rule 68. *See Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op, Inc.*, 298 F.3d 1238, 1241 (11th Cir. 2002) ("Thus, as long as an offer does not explicitly exclude costs, it is proper under the Rule.").

Plaintiff bears the burden of showing that he and the opt-in Plaintiffs are similarly situated. *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007). Sheppard, however, accepted Defendant's Rule 68 offer of judgment and therefore no longer has a viable claim. "Without a viable claim, [Sheppard] cannot represent others whom [he] alleged were similarly situated." *In re Family Dollar FLSA Litig.*, 637 F.3d 508, 519 (4th Cir. 2011). Decertification of the conditionally certified collective action is therefore proper. *See White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 878 (6th Cir. 2012); *In re Family Dollar*, 637 F.3d at 519.

Accordingly,

1) The Clerk is directed to ENTER separate final judgments in favor of each Plaintiff who filed a notice of accepting Defendant's offer of judgment (Dkts. 134-151) and against Defendant in the amount indicated on the notice. For all accepting Plaintiffs, the Court retains jurisdiction to assess reasonable attorneys' fees and costs. Plaintiffs are directed to comply with the applicable rules for seeking an award of fees and costs.

2) Defendant's Motion to Decertify Collective Action (Dkt. 95) is GRANTED. Opt-in Plaintiffs Linda Banuat, Maria Barbosa, Allison Bredbenner, Charlotte Bright, Titilayo Dipe, and Dawnell Homes are SEVERED and DISMISSED *without prejudice*. For all of the severed opt-in Plaintiffs, the applicable statutes of limitations on their FLSA claims against Defendant Hillsborough County Sheriff's Office are EQUITABLY TOLLED for **thirty (30) days**, from the date of this order.[3]

---

[3] *See Espinoza v. Cnty. of Fresno*, ___ F.R.D. ___, No. 1:07-cv-01145-SMS, 2013 WL 1222034, at *15 (E.D. Cal. Mar. 25, 2013) ("To avoid prejudice to individual opt-in Plaintiffs who may choose to file their own cases, the Court invokes its equity powers to toll the applicable statutes of limitations for 30 days after the entry of this Order.").

3) Defendant's Motion for Partial Summary Judgment (Dkt. 113) is DENIED *as moot*.

4) The Clerk is directed to CLOSE the file.

**DONE AND ORDERED** this 23rd day of July, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record